THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JERRY A. STOFFEL, Defendant-Appellant.

Fifth District    No. 5—07—0314

Opinion filed April 14, 2009.

WELCH, J., dissenting.

Michael J. Pelletier, Charles M. Schiedel, and Duane E. Schuster, all of State Appellate Defender's Office, of Springfield, for appellant.

Steve Friedel, State's Attorney, of Vandalia (Norbert J. Goetten, Stephen E. Norris, and Sharon Shanahan, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEWART delivered the opinion of the court:

On October 28, 2004, the defendant, Jerry A. Stoffel, was convicted, following a jury trial in the circuit court of Fayette County, of unlawful manufacture of a substance containing methamphetamine weighing between 400 and 900 grams, criminal synthetic drug manufacture conspiracy, and unlawful possession with intent to manufacture a controlled substance. On January 14, 2005, he was sentenced to three concurrent prison terms of 15 years. On direct appeal to this court, his conviction and sentence for unlawful manufacture were affirmed, but his convictions and sentences for the other two offenses were vacated. *People v. Stoffel*, No. 5—05—0105 (2007) (unpublished order under Supreme Court Rule 23 (166 Ill. 2d R. 23)).

On October 27, 2006, the defendant filed a *pro se* "Petition for

Relief from Judgment," which was brought "pursuant to the Constitution of the United States of America, the Constitution of the State of Illinois, and Chapter 735 Civil Procedure Act *** Relief from judgments 735 ILCS 5/2—1401." The defendant argued, "[T]he mass waste product is not intended to be considered part of the 'substance containing methamphetamine,' and *** including the weight of such waste products to set the penalties results in an unconstitutional penalty." The defendant argued that he received a void sentence because waste product was included in determining that the weight of the substance containing methamphetamine was between 400 and 900 grams.

On November 28, 2006, counsel was appointed to represent the defendant. At a status call on December 11, 2006, the defendant's counsel informed the trial court, "[T]his is another post[ ]conviction petition," and counsel asked the court to set it for another status call in 30 to 45 days because it would require "considerably more work" on his part. The State requested that the trial court pass the case "until we have a little bit more information about what's going on here." The prosecutor stated, "My experience in the past is if we just blindly continue it for a status, nothing gets done and we waste a court appearance." The trial court passed the case to later in the day. No further transcript for this date appears in the record, and the docket entry indicates that the court scheduled the case for another status hearing on February 5, 2007.

On December 19, 2006, the State filed a "motion to summarily dismiss the defendant's petition for relief from judgment." The State argued that the relief requested by the defendant was not available because the defendant did not allege any newly discovered evidence or any errors of fact, as required by section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 2006)).

On February 5, 2007, the defendant and his appointed counsel appeared at the scheduled status call. The State informed the court that it believed that the defendant was going to request a continuance on its motion to strike the defendant's postjudgment petition. The following conversation then took place:

"THE COURT: It looks like December 19, 2006, the State filed a motion to summarily dismiss defendant's petition for relief from judgment. Is this a petition for habeas corpus or a petition for post[ ]conviction?

MR. POTTER [defense counsel]: Post[ ]conviction relief, Your Honor.

THE COURT: Instead, the defendant's requesting time to respond to the State?

MR. POTTER: We are, Your Honor, and I would expect that we

are probably going to be doing some fairly substantial renovations on Mr. Stoffel's post[ ]conviction petition, which may take care of the motion to strike."

The court then set the next hearing for March 21, 2007. The State never challenged the defendant's counsel's characterization of the petition as a postconviction petition.

At the March 21, 2007, status hearing, the defendant was present, but his counsel was not. After the State indicated that defense counsel had not filed a response to its motion to summarily dismiss the petition for relief from judgment, the trial court asked the defendant, "[I]s this a post[ ]conviction petition?" The defendant answered in the affirmative, and the trial court stated, "Attorney Potter to file response to State's motion to dismiss and 651—C [*sic*] certificate on or before April 11th."

On April 11, 2007, defense counsel filed a "Supplement to Post Conviction Petition," supplementing the defendant's *pro se* petition and alleging violations of the defendant's rights under the Illinois Constitution. The defendant's attorney also filed a certificate pursuant to Supreme Court Rule 651(c) (134 Ill. 2d R. 651(c)). At a hearing held the same date, the defendant's attorney told the court, "I think this should be treated as a post[ ]conviction petition, Your Honor, for all practical purposes." The State never objected to this request.

On April 18, 2007, the defendant's attorney filed a second "Supplement to Post Conviction Petition," raising an additional claim that the defendant's rights under the United States Constitution had been violated, another certificate pursuant to Supreme Court Rule 651(c), and a response to the State's motion to summarily dismiss the defendant's petition. In his response to the State's motion to dismiss, the defendant alleged that the State had incorrectly assumed that the defendant's petition was brought under section 2—1401 of the Code of Civil Procedure, when in fact, as supplemented, it was being brought pursuant to the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122—1 *et seq.* (West 2006)), because it alleged a substantial deprivation of the defendant's constitutional rights.

On April 19, 2007, the State filed a motion to strike the defendant's supplement to the postconviction petition as well as the defendant's response to the State's motion to dismiss. The State argued that the defendant's *pro se* petition was, by its own terms, filed pursuant to section 2—1401 of the Code of Civil Procedure and that the defendant's counsel had "exceeded the boundaries of his appointment" under section 2—1401 by attempting to turn this petition into a petition filed pursuant to the Act.

At the May 2, 2007, hearing on the State's motion to dismiss,

defense counsel stated, "[I]t was my original understanding from this when I was appointed that I was to supplement this motion and it was to be treated as a post[ ]conviction petition." He went on to say that if the State wanted the trial court to determine whether or not the pleadings should be treated as postconviction pleadings, then the court should do so. He concluded as follows:

> "If the Court wants us to go back to square one and do that over again then we will, but the easier proceeding would be for the Court to review this matter and then treat it as a post[ ]conviction petition."

The court took the matter under advisement and on May 3, 2007, entered the following order:

> "This court has considered the defendant's previous petition for relief from judgment filed 10-27-06, as well as the State's motion to dismiss same filed 12-19-06, plus the two 'supplements to post-[ ]conviction petition' filed 4-11-07 and 4-18-07, respectively; the defendant's counsel has filed a SCR 651(c) certificate; this court has examined the court file and being fully advised in the premises hereby finds that the State's motion to summarily dismiss defendant's petition for relief from judgment is well taken; the defendant's attorney cannot caption his supplemental pleading as a post[ ]conviction petition and thereby magically transform a plead-ing filed pursuant to 735 ILCS 5/2—1401 as being filed pursuant to 725 ILCS 5/122—1; [a]ccordingly, the State's motion to dismiss the defendant's petition for relief from judgment is granted."

## ANALYSIS

On appeal, the defendant argues that the circuit court erred in failing to recharacterize the defendant's postjudgment petitions as pleadings filed under the Act. We agree.

The Act provides, in pertinent part, as follows:

> "A person seeking relief by filing a petition under this Section must specify in the petition or its heading that it is filed under this Section. A trial court that has received a petition complaining of a conviction or sentence that fails to specify in the petition or its heading that it is filed under this Section need not evaluate the petition to determine whether it could otherwise have stated some grounds for relief under this Article." 725 ILCS 5/122—1(d) (West 2006).

It is well settled that, even when a *pro se* petition is clearly labeled as a different action cognizable under Illinois law, if it alleges a depriva-tion of a constitutional right cognizable under the Act, a trial court may treat the pleading as a postconviction petition. *People v. Shell-strom*, 216 Ill. 2d 45, 52-53, 833 N.E.2d 863, 868 (2005). Allowing a

trial court to recharacterize a pleading enables the issues to be properly framed and avoids the possible harshness of holding a *pro se* defendant to the label he affixed to his pleading, even when his claims could more appropriately be dealt with under a different heading. *Shellstrom,* 216 Ill. 2d at 51-52, 833 N.E.2d at 867. While a trial court need not treat a pleading as a postconviction petition, "by the strongest of implications, it also *may* do so." (Emphasis in original.) *People v. Helgesen,* 347 Ill. App. 3d 672, 676, 807 N.E.2d 718, 722 (2004). In fact, the supreme court urged "judges to consider recasting pleadings that warrant such treatment." *Shellstrom,* 216 Ill. 2d at 57, 833 N.E.2d at 870.

The supreme court in *Shellstrom* anticipated that trial courts would recharacterize postjudgment *pro se* pleadings *sua sponte.* In *Shellstrom,* the defendant filed a *pro se* pleading entitled " 'Motion to Reduce Sentence, Alternatively, Petition for Writ of Mandamus to Order Strict Compliance with Terms of Guilty Plea,' " which the trial court recharacterized as a postconviction petition pursuant to the Act. *Shellstrom,* 216 Ill. 2d at 48-49, 833 N.E.2d at 866. The trial court summarily dismissed the petition as patently without merit. *Shellstrom,* 216 Ill. 2d at 49, 833 N.E.2d at 866. Because a trial court may *sua sponte* recharacterize a defendant's pleading as a postconviction petition, the supreme court was concerned that recharacterizing the pleading would only present the arguments the defendant included in his original pleading and that any additional arguments he might have included in a first postconviction petition would be barred from successive petitions unless the defendant could demonstrate cause for failing to bring them and prejudice resulting from the failure. *Shellstrom,* 216 Ill. 2d at 56, 833 N.E.2d at 870. In response to these concerns, the supreme court found that when a trial court recharacterizes a pleading as a postconviction petition, the trial court must "(1) notify the *pro se* litigant that the court intends to recharacterize the pleading, (2) warn the litigant that this recharacterization means that any subsequent postconviction petition will be subject to the restrictions on successive postconviction petitions, and (3) provide the litigant an opportunity to withdraw the pleading or to amend it so that it contains all the claims appropriate to a postconviction petition that the litigant believes he or she has." *Shellstrom,* 216 Ill. 2d at 57, 833 N.E.2d at 870.

In the instant case, the *pro se* defendant identified his pleading as a section 2—1401 petition. He was then appointed counsel, who reviewed the petition and filed two supplements titled "Supplement to Post Conviction Petition." Additionally, the defendant's counsel, on three separate occasions, informed the court that it was a postconvic-

tion petition, and each time the State failed to object to this characterization. The court also asked the defendant whether his petition was a postconviction petition, to which he responded affirmatively. The defendant's counsel specifically told the court that when he was appointed, it was his understanding that the defendant's *pro se* petition was to be treated as a postconviction petition. Finally, at the May 2, 2007, hearing on the State's April 19, 2007, motion to strike the defendant's supplement to the postconviction petition, defense counsel specifically asked the court to recharacterize the petition as a postconviction petition. Because of the defendant's repeated requests to recharacterize his section 2—1401 petition as a postconviction petition, the trial court would not have had to take *sua sponte* action, the concerns raised in *Shellstrom* would not apply, and no *Shellstrom* warnings would need to have been provided.

Generally, when a party asks to amend a pleading, leave is freely given, especially when allowing the amendment will further the ends of justice. *People v. Scullark*, 325 Ill. App. 3d 876, 880, 759 N.E.2d 565, 571-72 (2001). If a cause of action can be stated by amending a complaint, it is an abuse of discretion for the trial court to fail to allow the party to amend his complaint. *Scullark*, 325 Ill. App. 3d at 880, 759 N.E.2d at 572.

Section 122—5 of the Act provides, in pertinent part, as follows:

"The court may in its discretion make such order as to amendment of the petition or any other pleading, or as to pleading over, or filing further pleadings, or extending the time of filing any pleading other than the original petition, as shall be appropriate, just[,] and reasonable and as is generally provided in civil cases." 725 ILCS 5/122—5 (West 2006).

Thus, the Act gives the trial court the discretion to recharacterize a pleading as a postconviction petition and to allow a party to plead over. In the instant case, defense counsel asked to have the defendant's pleading recharacterized and tried to plead over when he filed the two supplements. Allowing the defendant to recharacterize his petition or to amend it would have enabled him to properly frame the issues and would have furthered the ends of justice.

A defendant has no constitutional right to counsel in a postconviction proceeding; instead, the Act provides a statutory right to counsel. *People v. Rials*, 345 Ill. App. 3d 636, 641, 802 N.E.2d 1240, 1244 (2003). It is only after the defendant's petition survives the first stage of postconviction proceedings and has been found to set forth the gist of a constitutional claim, or the court fails to take any action on the petition within 90 days of filing, that the process advances to the second-stage proceedings in which counsel is appointed. *People v. Greer*, 212

Ill. 2d 192, 203-04, 817 N.E.2d 511, 519 (2004). The Act imposes certain duties on postconviction counsel to ensure that the complaints of a prisoner are adequately presented. *People v. Suarez*, 224 Ill. 2d 37, 46, 862 N.E.2d 977, 982 (2007). Supreme Court Rule 651(c) (134 Ill. 2d R. 651(c)) was promulgated so that counsel would consult with the prisoner, ascertain his grievances, examine the record, and amend the *pro se* petition if necessary in order to shape the complaints into the appropriate legal form for presentation to the court. *Suarez*, 224 Ill. 2d at 46, 862 N.E.2d at 982. Rule 651(c) applies only to counsel appointed pursuant to the Act. *Helgesen*, 347 Ill. App. 3d at 679, 807 N.E.2d at 725.

In the instant case, the trial court appointed counsel to represent the defendant. Then, on March 21, 2007, it ordered the defendant's counsel to file a Rule 651(c) certificate. In taking these actions, the trial court was treating the defendant's pleading as a postconviction petition that had survived the first stage of the postconviction proceedings. Despite treating the defendant's petition in this manner, the trial court, in an order granting the State's motion to strike, stated that the defendant's attorney could not "magically transform" a pleading filed pursuant to section 2—1401 into a postconviction petition merely by captioning supplemental pleadings as a postconviction petition. While the attorney cannot transform the pleading on his own, the trial court has the discretion to allow the amendment.

"[A] trial court's decision regarding recharacterization is addressed to its sound discretion and will be reviewed under an abuse-of-discretion standard." *People v. Holliday*, 369 Ill. App. 3d 678, 682, 867 N.E.2d 1016, 1020 (2007). A trial court abuses its discretion when it acts arbitrarily or where no reasonable person would take its view. *People v. Anderson*, 367 Ill. App. 3d 653, 664, 856 N.E.2d 29, 38 (2006). In the instant case, the defendant's *pro se* section 2—1401 pleading alleged a constitutional violation. The supplements filed by his counsel alleged additional constitutional violations. The defense counsel and the defendant asked to have the defendant's *pro se* pleading recharacterized as a postconviction petition, and counsel tried to amend the pleading. Additionally, the trial court, at times, treated the defendant's pleading as a postconviction petition. While the defendant's claims are subject to dismissal under section 2—1401, they are appropriately considered in a postconviction petition. The trial court abused its discretion by acting arbitrarily in failing to recharacterize the defendant's petition after repeated requests by the defense counsel to do so and after the court itself treated the petition as a postconviction petition during the initial hearings in the proceedings.

The dissent asserts that trial courts have unfettered discretion to

decline to consider whether a petition could qualify as one filed pursuant to the Act and unfettered discretion to refuse to recharacterize such a petition. After careful review, our research fails to show any circumstance in which a trial court has unfettered discretion. According to the dissent's position, a trial court's failure to recharacterize a petition could under no circumstances constitute an abuse of discretion. Under this analysis, no matter how arbitrary or capricious the trial court's decision may be, it is not subject to review. The grant of unbridled discretion to the trial court negates the purpose of appellate review. *People v. Williams*, 62 Ill. App. 3d 966, 976, 379 N.E.2d 1268, 1276 (1978). The review of lower court decisions is a basic tenet of our legal system. One of the purposes of appellate review is to determine whether the lower court committed prejudicial error. *Harris Trust & Savings Bank v. Village of Barrington Hills*, 133 Ill. 2d 146, 156, 549 N.E.2d 578, 582 (1989). As one court noted, "It was observed by Lord Camden, many years ago, that unfettered discretion of a judge is 'the law of tyrants.' " *Cassidy v. Triebel*, 337 Ill. App. 117, 125, 85 N.E.2d 461, 465 (1948).

For the foregoing reasons, the judgment of the circuit court of Fayette County is hereby reversed, and the cause is remanded with directions that the circuit court recharacterize the defendant's petition as a postconviction petition.

Reversed; cause remanded with directions.

CHAPMAN, J., concurs.

JUSTICE WELCH, dissenting:

I respectfully dissent. I would not find that the circuit court abused its discretion in denying the defendant's motion to recharacterize his section 2—1401 petition as one filed under the Post-Conviction Hearing Act. The Post-Conviction Hearing Act specifically provides that a circuit court is under no obligation to treat a postconviction pleading as one brought under that Act unless the pleading so specifies:

> "A person seeking relief by filing a petition under this Section must specify in the petition or its heading that it is filed under this Section. A trial court that has received a petition complaining of a conviction or sentence that fails to specify in the petition or its heading that it is filed under this Section *need not evaluate the petition to determine whether it could otherwise have stated some grounds for relief under this Article*." (Emphasis added.) 725 ILCS 5/122—1(d) (West 2006).

This statutory provision was added to the Post-Conviction Hearing

Act by amendment in 1997 in order to undo the line of cases (see, *e.g.*, *People v. Sturgeon*, 272 Ill. App. 3d 48 (1995)) holding that a trial court was required to recharacterize a defendant's pleading as a post-conviction petition if that recharacterization could fairly be done based upon the contents of the pleading, even though the pleading made no reference to the Post-Conviction Hearing Act. See *People v. Holliday*, 369 Ill. App. 3d 678, 681 (2007). While the statutory provision does not prohibit a court from recharacterizing a petition, it removes any obligation on the part of the circuit court to even consider doing so.

In accordance with the statute, the supreme court has held that while a circuit court has the authority to recharacterize a petition for relief from judgment as a petition brought under the Post-Conviction Hearing Act, there is no circumstance in which a circuit court is required to even consider or evaluate the petition to determine whether it could have been brought under the Post-Conviction Hearing Act. *People v. Shellstrom*, 216 Ill. 2d 45, 53 n.1 (2005). The supreme court was quite explicit about this in *Shellstrom*, where it stated, "[I]f a *pro se* pleading alleges constitutional deprivations that are cognizable under the [Post-Conviction Hearing] Act, *** a trial court is under no obligation to treat the pleading as a postconviction petition." 216 Ill. 2d at 53 n.1. Accordingly, under no circumstances can a failure to do so constitute an abuse of discretion or reversible error.

I am aware of that line of appellate court cases which holds that a circuit court's decision on whether to recharacterize a petition is reviewable under the abuse-of-discretion standard. See, *e.g.*, *People v. Smith*, 386 Ill. App. 3d 473 (2008) (and cases cited therein). Assuming for the sake of argument that this is correct, it is clear from the statutory language and the supreme court's decision in *Shellstrom* that a circuit court's failure to recharacterize a petition could under no circumstances constitute an abuse of discretion. Circuit courts have unfettered discretion to decline to consider even whether a petition could qualify as one filed pursuant to the Post-Conviction Hearing Act and unfettered discretion to refuse to so recharacterize a petition. To hold otherwise would effectively require every circuit court to evaluate petitions to determine whether they should be recharacterized as having been brought under the Post-Conviction Hearing Act, in direct contravention of the plain language of section 122—1(d) of that Act (725 ILCS 5/122—1(d) (West 2006)). This would essentially force circuit court judges to act as attorneys for the defendants. Accordingly, I dissent from the majority's conclusion that the circuit court abused its discretion in failing to recharacterize the defendant's section 2—1401 petition as one filed under the Post-Conviction Hearing Act.