# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Bland*, 2011 IL App (4th) 100624

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. STACEY BLAND, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-10-0624 |
| Filed | December 2, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where defendant filed a *pro se* motion seeking to vacate his theft conviction following his unsuccessful appeal and the motion cited both section 2-1401 of the Code of Civil Procedure and the Post-Conviction Hearing Act and defendant said that he wanted to proceed under the Act when the trial judge sought clarification as to how defendant wanted to proceed, the trial court's subsequent dismissal of the motion was reversed and the cause was remanded with directions to proceed to the second stage of postconviction proceedings and appoint counsel to represent defendant, since the trial court considered input from the State when it dismissed defendant's motion without appointing postconviction counsel to represent defendant as required by the Act. |
| Decision Under Review | Appeal from the Circuit Court of Sangamon County, No. 06-CF-227; the Hon. Esteban F. Sanchez, Judge, presiding. |
| Judgment | Reversed and remanded with directions. |

Counsel on
Appeal

Michael J. Pelletier, Karen Munoz, and Susan M. Wilham, all of State Appellate Defender's Office, of Springfield, for appellant.

John P. Schmidt, State's Attorney, of Springfield (Patrick Delfino, Robert J. Biderman, and Linda Susan McClain, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE STEIGMANN delivered the judgment of the court, with opinion.

Justices Appleton and McCullough concurred in the judgment and opinion.

## OPINION

¶ 1    In May 2006, a jury convicted defendant, Stacey Bland, of theft (720 ILCS 5/16-1(a)(1) (West 2006)). In August 2006, the trial court sentenced him to seven years in prison. Defendant appealed, and this court affirmed (*People v. Bland*, No. 4-07-0592 (August 28, 2008) (unpublished order pursuant to Supreme Court Rule 23)).

¶ 2    In October 2009, defendant *pro se* filed a "Motion to Vacate Judgment," citing section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2008)) and section 122-1 of the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 (West 2008)). At the trial court's urging, the State responded by filing a motion to dismiss. Following a May 2010 hearing at which (1) the court asked defendant to clarify whether he wished to proceed under the Code or the Act and (2) defendant responded that he wished to proceed under the Act, the court granted the State's motion to dismiss.

¶ 3    Defendant appeals, arguing that (1) the trial court erred by failing to properly admonish him prior to recharacterizing his pleading, and (2) alternatively, the court erred by dismissing his petition without appointing counsel for him. Because we agree that the court erred by failing to appoint counsel, we reverse and remand with directions.

¶ 4                                  I. BACKGROUND

¶ 5    Following defendant's May 2006 theft conviction, the trial court sentenced him to seven years in prison. Defendant appealed, and this court affirmed (*People v. Bland*, No. 4-07-0592 (August 28, 2008) (unpublished order pursuant to Supreme Court Rule 23)).

¶ 6    In October 2009, defendant *pro se* filed a "Motion to Vacate Judgment," citing section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2008)) and section 122-1 of the Act (725 ILCS 5/122-1 (West 2008)). In his motion, defendant requested the appointment of counsel.

At the trial court's urging, the State responded by filing a motion to dismiss, in which the State argued that although it was unclear from defendant's pleading whether he wished to proceed under the Code or the Act, defendant's pleading should be dismissed because it was untimely and baseless under either characterization.

¶ 7 In May 2010, the trial court initiated a hearing at which defendant participated by telephone and the prosecutor participated from the trial judge's chambers. At the outset, the prosecutor outlined why the hearing was being held, as follows:

"Judge, initially, the threshold determination as to what type of petition or motion that [defendant] filed *** needs to be addressed. I will specifically state from the outset that I don't think from the State's perspective it really concerns us as to whether it is a [p]ost-conviction [p]etition or a [p]etition for [p]ost-judgment [r]elief under the Code of Civil Procedure.

Judge, I spent several pages in my motion discussing the various issues with respect to that, and I think, for the sake of clarity, [defendant] characterized this as a [section] 2-1401 *** [p]etition ***, and perhaps we ought to just address it as such. But I can address it if it were to be characterized as a [p]ost-conviction [p]etition."

The prosecutor then explained the reasons why defendant's petition should fail under either characterization. Defendant, who was unrepresented at the hearing, responded by attempting to address the prosecutor's points.

¶ 8 Following defendant's argument, the trial court asked defendant to clarify whether he wished to proceed under the Code or the Act.

"Let me ask you a question, [defendant].

* * *

You petitioned the Court, and you stated here that you are only seeking to vacate the sentence because *** you feel that the sentence is illegal. But you filed your [p]etition under the Civil Rules of Procedure[,] 735 ILCS 5/2-1401. *** [B]ut there is some *** reference in the body of your motion to the Post-[C]onviciton Hearing Act. Are you *** asking to proceed under the Civil Procedure Act or under the *** Post-[C]onviction Hearing Act."

¶ 9 Defendant responded as follows: "I'm going to *** go with the post-conviction, Your Honor." The trial court clarified by asking defendant, "You're going to go with the post-conviction?" Defendant confirmed, "Right." The court further clarified, "Are you sure? You are asking me to treat this [p]etition as a [p]ost-conviction [p]etition; is that correct?" Defendant again confirmed, "Yes, sir, Your Honor. I'm *** not going to change a thing. I'm going to stay with the post-conviction." The court then took the matter under advisement.

¶ 10 In August 2010, the trial court entered a written order granting the State's motion to dismiss. That written order (1) began by explaining that the order "addresses the State's Motion to Dismiss" and (2) concluded as follows, "Based upon the forgoing reasons, the Motion to Dismiss the Petition for Post Conviction Relief and Vacate Judgment is hereby granted."

¶ 11 This appeal followed.

-3-

¶ 12                                    II. ANALYSIS

¶ 13    Defendant argues that (1) the trial court erred by failing to properly admonish him prior to recharacterizing his pleading, and (2) alternatively, the court erred by dismissing his pleading, without appointing counsel for him. We address defendant's contentions in turn.

¶ 14            A. Defendant's Claim That the Trial Court Erred by Failing To
              Properly Admonish Him Prior To Recharacterizing His Pleading

¶ 15    Defendant contends that the trial court erred by failing to properly admonish him prior to recharacterizing his pleading. Specifically, defendant asserts that the court failed to inform him that he had the option to withdraw or amend his pleading to comply with the Act as required by *People v. Shellstrom*, 216 Ill. 2d 45, 833 N.E.2d 863 (2005). Because we conclude that the court did not "recharacterize" defendant's pleading, but instead merely sought to clarify an ambiguous postjudgment filing, we disagree.

¶ 16                              1. *Standard of Review*

¶ 17    We review *de novo* the question of whether the trial court has used the proper procedure in complying with the supreme court's mandate in *Shellstrom*. *People v. Corredor*, 399 Ill. App. 3d 804, 806, 927 N.E.2d 1231, 1232 (2010).

¶ 18                    2. *The Supreme Court's Directive in Shellstrom*

¶ 19    In *Shellstrom*, the defendant *pro se* filed a pleading entitled "Motion to Reduce Sentence, Alternatively, Petition for Writ of Mandamus to Order Strict Compliance with Terms of Guilty Plea." *Shellstrom*, 216 Ill. 2d at 48, 833 N.E.2d at 866. The trial court later *sua sponte* treated–or "recharacterized"–the defendant's pleading as a postconviction petition and summarily dismissed it. *Shellstrom*, 216 Ill. 2d at 49, 833 N.E.2d at 866. The defendant was not present, had no notice, and had no opportunity to respond to the court's dismissal of his petition. *Shellstrom*, 216 Ill. 2d at 49, 833 N.E.2d at 866.

¶ 20    The defendant appealed, arguing, in pertinent part, that he should have been provided notice that the trial court intended to treat his pleading as a first postconviciton petition. *Shellstrom*, 216 Ill. 2d at 53-54, 833 N.E.2d at 868. The supreme court agreed, holding that when a trial court *sua sponte* recharacterizes a pleading as a first postconviciton petition, the court must (1) notify the *pro se* litigant that the court intends to recharacterize the pleading, (2) warn the litigant that this recharacterization means that any subsequent postconviction petition will be subject to the restrictions on successive postconviction petitions, and (3) provide the litigant an opportunity to withdraw the pleadings or amend it so that it contains all the claims appropriate to a postconviction petition that the litigant believes he has. *Shellstrom*, 216 Ill. 2d at 57, 833 N.E.2d at 870.

¶ 21        3. *Defendant's Pleading and the Trial Court's Action in This Case*

¶ 22        In this case, defendant *pro se* filed a "Motion to Vacate Judgment," citing section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2008)) and section 122-1 of the Act (725 ILCS 5/122-1 (West 2008)). At the trial court's urging, the State responded by filing a motion to dismiss. The record shows that the reason the court urged the State to file a motion in response to defendant's pleading–and subsequently held a hearing–was to establish whether defendant's intent was to file a petition under section 2-1401 of the Code or a petition under section 122-1 of the Act. In this regard, this case is squarely inapposite of *Shellstrom*.

¶ 23        As previously explained, *Shellstrom* stands for the proposition that when a trial court *sua sponte recharacterizes* a pleading as a first postconviction petition, the court must provide the defendant certain admonishments. See *People v. Stoffel*, 389 Ill. App. 3d 238, 243, 907 N.E.2d 79, 84 (2009) ("Because of the defendant's repeated requests to recharacterize his section 2-1401 petition as a postconviction petition, the trial court would not have had to take *sua sponte* action, the concerns raised in *Shellstrom* would not apply, and no *Shellstrom* warnings would need to have been provided."). Here, the court did not *sua sponte* recharacterize defendant's pleading. Instead, the court (1) asked the State to respond to defendant's pleading and (2) initiated a May 2010 hearing to ascertain defendant's intent. At that May 2010 hearing, defendant made clear that he intended to file–and have his pleading evaluated as–a petition for postconviction relief. Pursuant to defendant's direction, the court treated defendant's pleading as a postconviction petition.

¶ 24        Because the trial court did not *sua sponte* recharacterize defendant's pleading, the court was not required to admonish defendant pursuant to *Shellstrom*. Accordingly, we reject defendant's contention that the court erred by failing to properly admonish him prior to "recharacterizing" his pleading.

¶ 25        B. Defendant's Claim That the Trial Court Erred by Dismissing
His Pleading Without Appointing Counsel for Him

¶ 26        Alternatively, defendant contends that the trial court erred by dismissing his pleading without appointing counsel for him after receiving input from the State. Specifically, defendant asserts that even if we conclude that the court complied with *Shellstrom*, the court erred by failing to appoint counsel for him before dismissing his petition at what amounted to a second-stage postconviction proceeding. The State responds that because defendant's petition had not reached the first stage of postconviction proceedings when the court accepted its input, defendant's contention must fail. We agree with defendant.

¶ 27        1. *Postconviction Proceedings*

¶ 28        In *People v. Andrews*, 403 Ill. App. 3d 654, 658-59, 936 N.E.2d 648, 652-53 (2010), this court outlined postconviction proceedings under the Act, as follows:

> "A defendant may proceed under the Act by alleging that 'in the proceedings which resulted in his or her conviction[,] there was a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both.' 725 ILCS 5/122-

1(a)(1) (West 2006). In noncapital cases, the Act establishes a three-stage process for adjudicating a postconviction petition. 725 ILCS 5/122-1 through 122-8 (West 2006); *People v. Jones*, 213 Ill. 2d 498, 503, 821 N.E.2d 1093, 1096 (2004). At the first stage, 'the trial court, without input from the State, examines the petition *only* to determine if [it alleges] a constitutional deprivation unrebutted by the record, rendering the petition neither frivolous nor patently without merit.' (Emphasis in original.) *People v. Phyfiher*, 361 Ill. App. 3d 881, 883, 838 N.E.2d 181, 184 (2005). 'Section 122-2.1 [of the Act] directs that if the defendant is sentenced to imprisonment (rather than death) and the circuit court determines that the petition is frivolous or patently without merit, it shall be dismissed in a written order. 725 ILCS 5/122-2.1(a)(2) (West 2004).' *People v. Torres*, 228 Ill. 2d 382, 394, 888 N.E.2d 91, 99-100 (2008).

If a petition is not dismissed at stage one, it proceeds to stage two, where section 122-4 of the Act provides for the appointment of counsel for an indigent defendant who wishes counsel to be appointed. 725 ILCS 5/122-4 (West 2006). At the second stage, the State has the opportunity to answer or move to dismiss the petition. 725 ILCS 5/122-5 (West 2006). If the trial court does not grant the State's motion to dismiss or if the State has filed an answer, the petition proceeds to the third stage, where the defendant may present evidence in support of his petition. 725 ILCS 5/122-5, 122-6 (West 2006)."

¶ 29                        2. *The Proceedings in This Case*

¶ 30    In this case, the trial court entered a written order addressing defendant's postjudgment pleading after clarifying that defendant intended to file that pleading as a postconviction petition. Our review of that written order, however, belies the State's assertion that the court did not accept input from the State when it dismissed defendant's petition. Indeed, the court's order (1) began by explaining that the order "addresses the State's Motion to Dismiss," (2) concluded as follows, "Based upon the forgoing reasons, the Motion to Dismiss the Petition for Post Conviction Relief and Vacate Judgment is hereby granted," and (3) did not mention the frivolous-or-patently-without-merit standard required for a first-stage dismissal.

¶ 31    Given that the proceedings below and the trial court's written order each show that the court considered input from the State without appointing postconviction counsel to represent defendant as required by the Act, we reverse and remand with directions that the court proceed to the second stage of postconviction proceedings. See *People v. Carter*, 383 Ill. App. 3d 795, 798, 892 N.E.2d 1082, 1085 (2008) (remanding for second-stage proceedings because the trial court improperly dismissed the defendant's petition at the first stage without determining whether the defendant's constitutional claims were frivolous or patently without merit, under the mistaken belief that the petition was the defendant's second postconviction petition).

¶ 32                        III. CONCLUSION

¶ 33    For the reasons stated, we reverse the trial court's judgment and remand with directions that the court (1) proceed to the second stage of postconviction proceedings and (2) appoint counsel to represent defendant.

¶ 34        Reversed and remanded with directions.