# Illinois Official Reports

## Appellate Court

---

## *People v. Weber*, 2021 IL App (2d) 190841

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANTHONY M. WEBER, Defendant-Appellant. |
| District & No. | Second District<br>No. 2-19-0841 |
| Filed | June 24, 2021 |
| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 14-CF-2075; the Hon. Ari P. Fisz, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | James E. Chadd, Thomas A. Lilien, and Yasemin Eken, of State Appellate Defender's Office, of Elgin, for appellant.<br><br>Eric F. Rinehart, State's Attorney, of Waukegan (Patrick Delfino, Edward R. Psenicka, and Stephanie Hoit Lee, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE SCHOSTOK delivered the judgment of the court, with opinion.<br>Justices Zenoff and Jorgensen concurred in the judgment and opinion. |

**OPINION**

¶ 1  Following a jury trial, defendant, Anthony M. Weber, was convicted of aggravated battery with a firearm (720 ILCS 5/12-3.05(e)(1) (West 2014)) and was sentenced to 16 years' imprisonment. After this court affirmed on direct appeal his conviction and sentence (*People v. Weber*, 2018 IL App (2d) 151290-U, ¶ 23), he petitioned for relief under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2018)). In his petition, defendant asked the trial court to consider his petition as a postconviction petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)) if he was denied relief under section 2-1401. The court dismissed the section 2-1401 petition and declined to consider the petition as a postconviction petition because, even if it did, defendant would not be entitled to any relief. Defendant timely appeals, arguing that the court was required to consider his section 2-1401 petition as a postconviction petition after determining that he was not entitled to relief under section 2-1401. We agree. Thus, we reverse the trial court's dismissal of the section 2-1401 petition and remand this cause for further proceedings under the Act.

¶ 2  <center>I. BACKGROUND</center>

¶ 3  On July 28, 2014, four boys confronted defendant as they rode their bikes past his house. Defendant fired a gun at the boys and ran after them as they rode away. One boy described how defendant pointed a gun at all four of them and fired, trying to shoot at least one of the boys. Defendant did shoot one of the boys in the leg. Based on these acts, defendant, as relevant here, was charged with four counts of attempted first degree murder (720 ILCS 5/8-4(a), 9-1(a)(1) (West 2014)), one count of aggravated battery with a firearm, and four counts of aggravated discharge of a firearm (*id.* § 24-1.2(a)(2)).

¶ 4  The case proceeded to a jury trial. At the close of evidence, defense counsel asked for a lesser-included offense instruction on reckless discharge of a firearm (*id.* § 24-1.5(a)) on all counts. The trial court gave that instruction on all counts except aggravated battery with a firearm, as the court found that pointing a gun at and shooting a person is not a merely reckless act. On all four attempted first degree murder counts, the jury found defendant guilty of reckless discharge of a firearm. The jury also found defendant guilty on all four counts of aggravated discharge of a firearm and the single count of aggravated battery with a firearm. The court remarked that the verdicts on reckless discharge of a firearm were inconsistent with the verdicts on aggravated discharge of a firearm. After the parties discussed how to proceed, the State nol-prossed all the counts except aggravated battery with a firearm. Defendant was sentenced, and he appealed.

¶ 5  On appeal, defendant argued that his trial counsel was ineffective for failing to request a jury instruction on reckless conduct as a lesser-included offense of aggravated battery with a firearm. This court affirmed, finding that, because defendant was not entitled to a reckless-conduct instruction, counsel was not ineffective for failing to request that instruction. *Weber*, 2018 IL App (2d) 151290-U, ¶ 19.

¶ 6  Eight months later, on February 5, 2019, defendant filed *pro se* a petition titled "Petition for Relief from Judgment Pursuant to 735 ILCS 5/2-1401(f)." Defendant argued that his trial counsel was ineffective because, when the jury reached inconsistent verdicts, counsel did not ask that the jury be given further instructions and directed to continue deliberations. Instead,

<center>- 2 -</center>

counsel accepted the State's suggestion that it nol-pros all counts except aggravated battery with a firearm. Defendant claimed that the judgment entered against him was based on legally inconsistent verdicts and, thus, void. Defendant also asserted that his trial counsel was ineffective "for failing to object to [defendant] being sentenced on the most serious charge" and that appellate counsel was ineffective for failing to raise trial counsel's errors.

¶ 7 In two footnotes in his section 2-1401 petition, defendant (1) asked the trial court to treat his petition as a postconviction petition if the court determined that he was not entitled to relief under section 2-1401 and (2) argued that, if considered as a postconviction petition, his petition should be deemed timely filed. Specifically, the first footnote stated:

"If this court finds that [defendant] is not entitled to relief under 735 ILCS 5/2-1401(f) [(West 2018)], this court should allow [defendant] to convert his petition into a Petition for Postconviction Relief under the Post[-C]onviction Hearing Act, pursuant to 725 ILCS 5/122-1 *et seq.* [(West 2018)], and allow his [*sic*] to plead timeliness."

¶ 8 In the second footnote, defendant asserted:

"In the event that this petition is converted into a postconviction petition, it is timeliy [*sic*] filed under the Act where [defendant's] PLA [(petition for leave to appeal)] is currently pending before the Illinois Supreme Court. [Defendant] contends that both his trial and appellate counsel were ineffective for failure to raise these claims previously."

¶ 9 On August 23, 2019, without any input from the State, the trial court dismissed the section 2-1401 petition. After doing so, the court ruled:

"As a final matter, the court has considered whether, pursuant to [defendant's] request and in an exercise of discretion, to recharacterize the petition as a petition for post-conviction relief pursuant to the [Act]. [Citation.] A number of reasons militate against recharacterizing the petition in this case, and this court declines to do so. [Citation.] One of those reasons is that even if the court chose to recharacterize this petition, [defendant] would still not prevail. *** The arguments put forward by [defendant] in this petition were not argued on direct appeal, though they could have been. Therefore, these arguments would be considered waived if this court were to recharacterize this petition as a Post-Conviction Petition."

¶ 10                                                    II. ANALYSIS

¶ 11 At issue in this appeal is whether the trial court was required to consider defendant's section 2-1401 petition as a postconviction petition once it ruled that defendant was not entitled to relief under section 2-1401.

¶ 12 In resolving this issue, we must interpret section 122-1(d) of the Act (725 ILCS 5/122-1(d) (West 2018)), which guides trial courts in deciding whether to characterize a pleading as a postconviction petition. Interpreting a statute presents a question of law that we review *de novo*. *People v. McDonald*, 373 Ill. App. 3d 876, 878 (2007). Our primary goal in interpreting a statute is to ascertain and give effect to the legislature's intent. *People v. Phelps*, 211 Ill. 2d 1, 15 (2004). The statute's language, given its plain and ordinary meaning, is the most reliable indicator of the legislature's intent. *Id.* Accordingly, "[w]e will not depart from the plain language of the statute by reading into it exceptions, limitations, or conditions that conflict with the express legislative intent." *People v. Blair*, 215 Ill. 2d 427, 443 (2005).

¶ 13    With these principles in mind, we turn to section 122-1(d), which provides:

"A person seeking relief by filing a petition under this Section *must specify in the petition or its heading* that it is filed under this Section. A trial court that has received a petition complaining of a conviction or sentence that fails to specify in the petition or its heading that it is filed under this Section need not evaluate the petition to determine whether it could otherwise have stated some grounds for relief under this Article." (Emphasis added.) 725 ILCS 5/122-1(d) (West 2018).

¶ 14    Defendant argues that he expressly met the requirements of section 122-1(d) when he referenced the Act in the footnotes of his section 2-1401 petition and asked the trial court to consider his section 2-1401 petition as a postconviction petition if he was denied relief under section 2-1401 of the Code. To support his argument, defendant relies on *McDonald*. There, the appellate court held that the defendant satisfied section 122-1(d) of the Act when he wrote " 'Post-Conviction Petition' " at the top of several pages of his petition and cited sections of the Act in a one-page appendix. *McDonald*, 373 Ill. App. 3d at 877, 880. Defendant contends that, like the defendant in *McDonald*, he adequately informed the trial court that he wanted his petition to be considered as a postconviction petition. Defendant notes that, though the petition's heading referenced section 2-1401 alone, the body of the petition expressly referred to the "Post[-C]onviction Hearing Act" and cited section 122-1 of the Act. We agree with defendant that he sufficiently informed the trial court that he was seeking alternative relief under the Act.

¶ 15    Section 122-1(d) simply requires a defendant seeking relief under the Act to specify in the heading or body of the pleading that it is being filed under the Act. Defendant filed a petition that specified in the body—in two footnotes—that he wanted his section 2-1401 petition to be considered as a postconviction petition if he was denied relief under section 2-1401. Specifically, defendant asked the court to "allow [him] to convert his petition into a Petition for Postconviction Relief under the Post[-C]onviction Hearing Act, pursuant to 725 ILCS 5/122-1 *et seq.*" Defendant has met the requirements of section 122-1(d) by naming and citing the Act.

¶ 16    The State notes that the trial court expressly considered defendant's request to consider the section 2-1401 petition as a postconviction petition but declined to grant the request. Citing *People v. Stoffel*, 239 Ill. 2d 314 (2010), the State contends that a trial court's decision not to "recharacterize" a defendant's *pro se* pleading as a postconviction petition is not reviewable for error. The State is correct that *Stoffel* addresses a trial court's particular power to "recharacterize" as a postconviction petition a pleading that is not designated as such, but the State overlooks that no recharacterization was necessary here because defendant's petition was, by the criteria of section 122-1(d), filed under the Act.

¶ 17    In *Stoffel*, the court recognized:

"the long-standing practice in Illinois of 'recharacterization,' *i.e.*, the process whereby a trial court independently evaluates a pleading filed by a *pro se* defendant and, if the pleading alleges a deprivation of rights cognizable in a postconviction proceeding, treats 'the pleading as a postconviction petition, *even where the pleading is labeled differently*.' " (Emphasis added.) *Id.* at 323 (quoting *People v. Shellstrom*, 216 Ill. 2d 45, 52-53 (2005)).

The second sentence of section 122-1(d) makes clear that a trial court need not recharacterize as a postconviction petition a pleading that does not specify that it is filed under the Act:

"A trial court that has received a petition complaining of a conviction or sentence that fails to specify in the petition or its heading that it is filed under this Section need not evaluate the petition to determine whether it could otherwise have stated some grounds for relief under this Article." 725 ILCS 5/122-1(d) (West 2018).

¶ 18 The initial pleading in *Stoffel* did not name or cite the Act. The defendant filed supplements to the pleading that described it as having been filed under the Act. The trial court held that the supplements could not convert the pleading into a postconviction petition where the pleading itself did not indicate that it was filed under the Act. *Stoffel*, 239 Ill. 2d at 321. Before the supreme court, the State argued that "a trial court's failure to recharacterize a *pro se* pleading [(as a postconviction petition)] cannot be reviewed for error." *Id.* at 322. The court agreed. Because there was no question that the pleading did not specify in its heading or body that it was filed under the Act, the issue was whether the trial court appropriately exercised its discretion not to recharacterize the pleading as a postconviction petition. The court construed the second sentence of section 122-1(d) to mean that, " '[i]f a *pro se* pleading *alleges constitutional deprivations* that are cognizable under the Act, but, *** the pleading makes no mention of the Act, *a trial court is under no obligation* to treat the pleading as a postconviction petition.' " (Emphases in original.) *Id.* at 324 (quoting *Shellstrom*, 216 Ill. 2d at 53 n.1). The court concluded:

"a trial court has *no obligation* to recharacterize a *pro se* pleading pursuant to section 122-1(d). It cannot be error for a trial court to fail to do something it is not required to do. Accordingly, we hold that, in light of section 122-1(d), a trial court's decision *not* to recharacterize a defendant's *pro se* pleading as a postconviction petition may not be reviewed for error." (Emphases in original.) *Id.*

¶ 19 *Stoffel*'s holding does not apply here, because defendant's pleading did not fail to " 'mention *** the Act.' " *Id.* (quoting *Shellstrom*, 216 Ill. 2d at 53 n.1). Rather, as noted, the pleading met the requirements of the first sentence of section 122-1(d). Specifically, defendant stated that he wanted the trial court to consider his section 2-1401 petition as a postconviction petition if the court determined that he was not entitled to relief under section 2-1401. Defendant named and cited the Act. Thus, the trial court's discretionary power to recharacterize a petition was not triggered. Rather, the court *was required* to consider defendant's petition as a postconviction petition.

¶ 20 Acknowledging that "[d]efendant did mention the Act in two 'footnotes,' " the State claims that the trial court's failure to treat defendant's section 2-1401 petition as a postconviction petition was not improper, because "[defendant] did not tie [the footnotes] to any specific text in the body of the petition." That is not required. As noted, section 122-1(d) requires only that the defendant "specify in the petition or its heading that it is filed under this Section." 725 ILCS 5/122-1(d) (West 2018). Defendant did exactly that in his section 2-1401 petition. If we were to adopt the State's position—that a defendant must explicitly indicate what arguments he wants considered under the Act—we would be reading into section 122-1(d) of the Act a requirement that the legislature did not provide. We cannot do that. See *Blair*, 215 Ill. 2d at 443.

¶ 21 Relying on *People v. McNett*, 361 Ill. App. 3d 444 (2005), the State comments: "To the extent defendant claims that his conviction is void, the [State] agree[s] that this Court could consider that issue on appeal through its own re-characterization of [defendant's] petition on appeal." We decline to do so. *McNett* does provide authority for the appellate court to

"reclassify" a "freestanding motion to vacate a void order"—which is not recognized under Illinois law—and "consider it as being brought under one of the statutorily authorized modes of collateral attack." *Id.* at 447. However, unlike the defendant in *McNett*, defendant here did not file a motion unrecognized under Illinois law. Rather, defendant filed a petition recognized under Illinois law, *i.e.*, a section 2-1401 petition, and sought to have that petition treated as another petition recognized under Illinois law. Therefore, *McNett* is inapplicable here.

¶ 22    In the alternative, the State argues that the trial court *did* consider the section 2-1401 petition as a postconviction petition but found that defendant was not entitled to postconviction relief. We disagree that the trial court considered the petition *as* a postconviction petition. Rather, the court evidently used its determination that defendant's arguments would not succeed as postconviction claims to buttress its refusal to consider the petition as a postconviction petition. In any event, the court's impression of the petition's potential merit as a postconviction petition was flawed. The court believed that defendant's arguments were waived, but this was unfounded, as defendant avoided waiver by arguing that appellate counsel was ineffective for failing to raise trial counsel's errors. See *People v. Turner*, 187 Ill. 2d 406, 413 (1999) (waiver avoided if postconviction petition alleges ineffective assistance of appellate counsel for failing to raise claims on direct appeal).

¶ 23    In light of the above, we hold that defendant's petition met the requirements of section 122-1(d) of the Act and that the trial court erred in not considering the *pro se* section 2-1401 petition as a postconviction petition. Accordingly, we reverse and remand. See *McDonald*, 373 Ill. App. 3d at 881. However, in doing so, we must next determine at what stage of the postconviction process the trial court should assess the petition upon remand. *Id.*

¶ 24    The Act provides a three-stage process for adjudicating postconviction petitions. *Id.* At the first stage, the trial court determines whether the postconviction petition is "frivolous or *** patently without merit," which is also known as the "gist" standard. 725 ILCS 5/122-2.1(a)(2) (West 2018); *People v. Boclair*, 202 Ill. 2d 89, 99 (2002). This review must be completed "[w]ithin 90 days after the filing and docketing of each petition." 725 ILCS 5/122-2.1(a) (West 2018). If the petition is not dismissed within 90 days under section 122-2.1(a) of the Act, the petition advances to stage two. *McDonald*, 373 Ill. App. 3d at 881. At the second stage, the trial court appoints legal counsel, who will then have an opportunity to amend the petition. 725 ILCS 5/122-4 (West 2018). If the petition is not dismissed at stage two, it proceeds to stage three, where the trial court conducts an evidentiary hearing. See *id.* § 122-6.

¶ 25    Here, defendant's petition was filed on February 5, 2019. The trial court did not rule on the petition until August 23, 2019, 199 days later. Although the trial court did dismiss defendant's section 2-1401 petition, it failed to address defendant's request for relief under the Act within 90 days of the petition's filing. Thus, under the Act, the petition must be remanded for stage-two proceedings. See *McDonald*, 373 Ill. App. 3d at 881.

¶ 26    In reaching our conclusion, we note that we are in no way expressing our view on the merits of defendant's postconviction petition. We simply reverse and remand solely because the trial court failed to address within the statutory 90-day period whether the postconviction petition was "frivolous or *** patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2018).

## III. CONCLUSION

For the reasons stated, we reverse the judgment of the circuit court of Lake County and remand for further proceedings.

Reversed and remanded.