NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 210431-U

NO. 4-21-0431

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
August 11, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Pike County |
| TYLER J. RUNK, | ) | No. 19CF159 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | J. Frank McCartney, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Presiding Justice Knecht and Justice Turner concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The trial court erred by failing to admonish defendant under *People v. Shellstrom*, 216 Ill. 2d 45 (2005), when it recharacterized defendant's *pro se* petition for relief from judgment as a postconviction petition, requiring the cause to be vacated and remanded for proper admonitions and the opportunity for defendant to withdraw or amend the pleading.

¶ 2   In April 2021, following convictions of multiple offenses, defendant, Tyler J. Runk, filed a *pro se* "Petition for Relief from a Void Judgment/Sentence" under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2020)). On July 7, 2021, referring to the document as a postconviction petition, the trial court dismissed defendant's petition.

¶ 3   Defendant appeals, arguing the trial court erred by recharacterizing his section 2-2401 petition as a postconviction petition without admonishing him it intended to do so and providing him an opportunity to amend or withdraw the pleading. The State concedes the trial court erred in recharacterizing the petition without admonishment, but essentially asks us to

advise the trial court that it nevertheless properly dismissed the petition on the merits. We accept the State's concession, vacate the trial court's order, and remand for further proceedings. We decline to enter an advisory opinion on the merits of defendant's claims.

¶ 4                                                    I. BACKGROUND

¶ 5            In March 2020, defendant pleaded guilty under a partially negotiated plea agreement to three counts of home invasion (720 ILCS 5/19-6(a)(3), (4) (West 2018)), three counts of theft (*id.* § 16-1(a)(1)(A)), and one count each of residential burglary (*id.* § 19-3(a)), unlawful use of a weapon by a felon (*id.* § 24-1.1(a)), and possession of a stolen firearm (*id.* § 24-3.8(a)). In exchange, the State dismissed additional charges and agreed to an aggregate sentencing cap of 40 years' incarceration served at 50%.

¶ 6            The trial court sentenced defendant to an aggregate term of 40 years consistent with the agreement, which included concurrent 40-year terms for each count of home invasion. The court also ordered restitution and imposed various fines and fees. Defendant did not file a motion to withdraw the plea or a direct appeal. Instead, on April 12, 2021, defendant filed a section 2-1401 petition, requesting 10 years be removed from his sentence because he was not advised he could be sentenced to an extended term for home invasion. He alleged he was instead wrongly admonished 30 years was the maximum sentence that could be imposed.

¶ 7            On July 8, 2021, the trial court dismissed the petition. In a written order, the court referred to the pleading as a "post-conviction petition." After initially citing case law relevant to petitions for relief from judgment, the court ultimately applied the law concerning postconviction petitions, finding the petition frivolous and patently without merit with no arguable basis in law or fact under *People v. Hodges*, 234 Ill. 2d 1 (2009). This appeal followed.

¶ 8                                                    II. ANALYSIS

¶ 9          Defendant argues the trial court erred by recharacterizing his *pro se* section 2-1401 petition as a postconviction petition without admonishing him it intended to do so and providing him with an opportunity to amend or withdraw the pleading. The State concedes error, and we accept the State's concession.

¶ 10          Before recharacterizing a defendant's *pro se* pleading as a first postconviction petition, a trial court must (1) notify the defendant the court intends to recharacterize the pleading; (2) warn the defendant the recharacterization means any subsequent postconviction petition will be subject to the restrictions on successive postconviction petitions; and (3) provide the defendant an opportunity to withdraw the pleading or to amend it so it contains all the claims appropriate to a postconviction petition the defendant believes he or she has. *People v. Shellstrom*, 216 Ill. 2d 45, 57 (2005); *People v. Hood*, 395 Ill. App. 3d 584, 586 (2009). "The *Shellstrom* admonitions are designed to protect the rights of *pro se* defendants and, in particular, to inform them of the limitation on filing successive postconviction petitions and the need to amend their initial petition to include all possible postconviction claims." *People v. Stoffel*, 239 Ill. 2d 314, 328 (citing *Shellstrom,* 216 Ill. 2d at 57).

¶ 11          Here, the record shows the trial court failed to give defendant the requisite admonishments before recharacterizing his section 2-1401 petition as a postconviction petition. The State agrees and we accept its concession. However, the State also discusses the merits of the dismissal, arguing the trial court properly summarily dismissed the petition as frivolous and patently without merit. To the extent the State suggests a harmless-error analysis applies, requests us to direct the trial court to dismiss the petition on remand, or otherwise enter an advisory opinion, we decline to do so.

¶ 12　　　　A trial court's decision to dismiss a pleading it recharacterized as a postconviction petition without giving the defendant the *Shellstrom* admonishments is not subject to a harmless-error analysis as the admonishments are mandatory. See *Hood*, 395 Ill. App. 3d at 588. Under *Shellstrom*, the court on remand must provide the defendant an opportunity to withdraw the pleading or to amend it so that it contains all the claims appropriate to a postconviction petition the defendant believes he has. *Shellstrom*, 216 Ill. 2d at 57. Thus, any directions to the trial court as to the merits of the petition would be purely hypothetical and we will not issue an advisory opinion on the matter. See *In re Luis R*., 239 Ill. 2d 295, 306 (2010) ("It is well settled that Illinois courts cannot pass judgment on mere abstract propositions of law, render an advisory opinion, or give legal advice as to future events." (Internal quotation marks omitted.)).

¶ 13　　　　　　　　　　　　　　　　III. CONCLUSION

¶ 14　　　　For the reasons stated, we vacate the trial court's dismissal of defendant's *pro se* petition, and we remand with directions the court admonish defendant and provide him an opportunity to withdraw the pleading or to amend it pursuant to *Shellstrom*.

¶ 15　　　　Vacated and remanded.