NOTICE
Decision filed 04/06/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 250246-U

NO. 5-25-0246

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 14-CF-1428 |
| | ) | |
| TRACEY VICKERS, | ) | Honorable |
| | ) | Jeffrey K. Watson, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE CLARKE delivered the judgment of the court.
Justices Vaughan and Hackett concurred in the judgment.

**ORDER**

¶ 1   *Held*:   It was error for the circuit court to treat the defendant's petition as a section 2-1401 petition after it had been recharacterized as a postconviction petition and advanced to the second stage.

¶ 2   The defendant, Tracey Vickers, filed a *pro se* pleading challenging the constitutionality of the habitual criminal statute, which resulted in the defendant receiving an extended sentence. The circuit court initially treated the pleading as a successive postconviction petition and advanced it to the second stage. Later, the circuit court, with a different judge, treated the pleading as a petition under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2024)) and dismissed it as untimely. The defendant appeals the dismissal of what was recharacterized as a postconviction petition. We reverse and remand.

1

¶ 3                          I. BACKGROUND

¶ 4      On October 23, 2014, the defendant was charged with two counts of first degree murder. In July 2016, the State filed a new count for the lesser offense of second degree murder, and the defendant pleaded guilty to the offense of second degree murder in exchange for the dismissal of the first degree murder counts. The defendant had a criminal history with at least two prior Class 2 felonies or higher offenses which subjected him to the habitual criminal statute in effect at the time and mandatory Class X sentencing for second degree murder. The defendant, therefore, faced a sentencing range of 6 to 30 years followed by 3 years of mandatory supervised release and truth in sentencing would not apply. The defendant was sentenced to 30 years' imprisonment and 3 years of mandatory supervised release. The defendant did not file a motion to withdraw his guilty plea, nor did he file an appeal.

¶ 5      In June 2018, the defendant filed a postconviction petition where he alleged ineffective assistance of counsel. The circuit court dismissed the petition at the second stage, and this court affirmed the dismissal. *People v. Vickers*, 2023 IL App (5th) 210219-U.

¶ 6      In December 2021, the defendant filed a *pro se* "Petition to Vacate Judge/Sentence under 2-1401 and Rules of Civil Procedure 'Relief from a Judgment or Order' Rule 60(b)(4)," challenging the constitutionality of the habitual criminal statute. At a status conference in March 2022, the circuit court apparently recharacterized the *pro se* petition as a successive postconviction petition and advanced it to the second stage by appointing counsel.[1] Appointed counsel filed two amended petitions for postconviction relief on behalf of the defendant.

_____

[1]The record does not contain a transcript of the proceedings for the March 7, 2022, status conference.

¶ 7    In January 2023, the matter was reassigned to a different circuit court judge. A hearing was held on the defendant's second amended postconviction petition on February 6, 2025. At the outset of the hearing, the circuit court noted the matter was before the court on a second amended postconviction petition, and added that the pleading stated it sought relief under 2-1401. Ultimately, the circuit court stated it had "no intention of recharacterizing [the pleading] as a postconviction petition." The hearing proceeded, and the circuit court treated the pleading as a petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2024)) and dismissed the petition as untimely. The defendant's timely appeal followed.

¶ 8                                   II. ANALYSIS

¶ 9    The defendant raises two issues on appeal; however, we need only address the defendant's claim regarding the circuit court treating his petition as a section 2-1401 petition after it had previously been recharacterized as a postconviction petition and advanced to the second stage by a different judge. The State confessed error on this issue, and we find the confession to be well taken.

¶ 10    It is well-settled that, even when a *pro se* petition is labeled as a different action, if the petition alleges a deprivation of a constitutional right cognizable under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2024)), a circuit court may treat the pleading as a postconviction petition. *People v. Shellstrom*, 216 Ill. 2d 45, 52-53 (2005). While a circuit court is not required to recharacterize a pleading as a postconviction petition, it may do so. *People v. Helgesen*, 347 Ill. App. 3d 672, 676 (2004).

¶ 11    In the present case, as in the case of *People v. Stoffel*, 239 Ill. 2d 314 (2010), the defendant filed a postconviction petition that was treated as a petition for relief under the Post-Conviction

Hearing Act, and then later the court considered it to be a petition pursuant to section 2-1401 of the Code of Civil Procedure. Like in *Stoffel*, it was error for the circuit court to treat the defendant's petition as a section 2-1401 petition after it had been recharacterized as a postconviction petition and advanced to the second stage. *Id.* at 329. Accordingly, we reverse the circuit court's March 3, 2025, dismissal of the postconviction petition and remand for second stage postconviction proceedings.

¶ 12                                    III. CONCLUSION

¶ 13     For the foregoing reasons, the circuit court's March 3, 2025, order is reversed, and the matter is remanded to the trial court for further proceedings.

¶ 14     Reversed and remanded.